**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HOLLY JEAN CONWAY GOMEZ**,**

      Plaintiff,

v.                                                                                        No. 1:24-cv-0926 DLM

FRANK BISIGNANO,
Commissioner of the Social
Security Administration,

      Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

      **THIS MATTER** is before the Court on Plaintiff Holly Jean Conway Gomez's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA). (Doc. 21.) The Commissioner opposes an award of EAJA fees and argues that the Social Security Administration's position was substantially justified. (Doc. 22.) Having reviewed the briefs and the relevant law, the Court finds the motion should be **GRANTED in part**.

**I.      Background**

      Ms. Holly Jean Conway Gomez protectively filed her applications for Title XVI Supplemental Security Income and Title II Disability Insurance Benefits with the Social Security Administration on October 21, 2021, alleging disability beginning September 2, 2021. (Administrative Record[1] (AR) at 244–65.) The Administration denied her applications initially and upon reconsideration. (*Id.* at 120–60) Gomez timely requested a hearing with an administrative law judge (ALJ). (*Id.* at 162–67.) Gomez and a vocational expert (VE) testified at the hearing. (*See id.* at 40–63.) On March 4, 2024, ALJ Matthew Allen issued an unfavorable decision. (*Id.* at 14–39.) Gomez sought Appeals Council review on May 8, 2024 (*id.* at 241–43), which the Council

---

[1] Document 11 contains the sealed Administrative Record. The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

denied on August 1, 2024 (*id.* at 1–6).

Gomez filed suit in this Court on September 17, 2024. (Doc. 1.) On May 30, 2025, the Court issued a Memorandum Opinion and Order reversing and remanding the Commissioner's decision based on the ALJ's failure to evaluate the supportability factor when assessing the medical opinion rendered by consulting psychologist Shari Spies, Psy.D. (Doc. 19.)

Gomez now seeks attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d). (Doc. 21.) She argues that an award of fees is appropriate because she is the prevailing party, and the Commissioner's position in defending the action was not substantially justified. (*See id.* at 9–12.) Gomez requests $8,406.02 for 33.3 hours of attorney time at a rate of $251.25 (and $260.00) per hour, and $420.00 for 3.5 hours of paralegal time at a rate of $120.00 per hour, for a total EAJA fee award of $8,826.02. (*See* Doc. 23-1 at 2.)

The Commissioner responds that Gomez's request for fees under the EAJA should be denied because the Commissioner's position in this case was substantially justified. (*See* Doc. 22.)

## II.    Legal Standard

A court is required to award attorney's fees under the EAJA if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Only the second factor is at issue here. The Commissioner bears the burden to establish that his position was substantially justified. *See id.* (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). To be substantially justified, the Commissioner must demonstrate that his position was reasonable in law and fact; in other words, "justified to a degree that could satisfy a reasonable person." *Id.* (citing *Gilbert*, 45 F.3d at 1394) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 28 U.S.C.

§ 2412(d)(2)(D). "The government's position can be [substantially] justified . . . even though it is not correct." *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011) (citing *Hackett*, 475 F.3d at 1172).

Generally, a claimant will receive EAJA fees "where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (quoting *Hackett*, 475 F.3d at 1174). The Tenth Circuit has "recognized an exception when the government advances a reasonable litigation position that 'cure[s] unreasonable agency action.'" *Id.* (quoting *Hackett*, 475 F.3d at 1173–74). "In the social security context, [the Tenth Circuit has] interpreted that exception to include 'when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless.'" *Id.* (citing *Groberg v. Astrue*, 505 F. App'x 763, 765–66 (10th Cir. 2012)).

If the Court awards attorney's fees, the burden falls on the party requesting fees to establish the reasonableness of both the hourly rate and the number of hours worked. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Ultimately, the amount of the attorney's fees to be awarded is a decision that lies within the Court's discretion." *Roxanne C. v. Colvin*, No. 2:23-cv-0233 GBW, 2025 WL 89295, at *2 (D.N.M. Jan. 14, 2025) (citing *Pierce*, 487 U.S. at 571).

## III.  Discussion

Gomez raised two issues in her motion to remand: (1) the ALJ failed to properly evaluate the opinion of consulting psychologist Shari Spies, Psy.D.; and (2) the ALJ's evaluation of Gomez's ability to sustain concentration, persistence, and pace was not supported by substantial evidence. (*See* Doc. 12-2 at 7.) The Court considered only the first argument and remanded because the ALJ committed legal error by failing to assess the supportability of Dr. Spies' opinion. (*See* Doc. 19.) The Commissioner now opposes an award of EAJA fees on the basis that his position

was substantially justified. (*See* Doc. 22.) The Court disagrees.

### A.    The Commissioner's position was not substantially justified.

The ALJ's failure to evaluate the supportability factor when assessing Dr. Spies' opinion was a clear legal error, not a mere articulation defect, and the Commissioner's defense of that omission lacked a reasonable foundation. Under the applicable regulations, the ALJ must evaluate every medical opinion and prior administrative finding for both supportability and consistency and must articulate findings on each. *See* 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). Although the regulations provide the ALJ with discretion in *how* to articulate these findings, they provide "no leeway as to *whether* [he] articulates such findings." *Saiz v. Kijakazi*, No. 1:21-cv-0681 KRS, 2022 WL 4235325, at *4 (D.N.M. Sept. 14, 2022) (citing 20 C.F.R. § 416.920c(b)).

In its remand order, the Court found that the ALJ entirely omitted any supportability analysis of Dr. Spies' opinion and provided no explicit or implicit reasoning connecting Spies' examination findings to his conclusion that her opinion was unpersuasive. (*See* Doc. 19 at 8–10.) This omission prevented meaningful review and required remand. *See Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (explaining that failure to apply the correct legal standard is grounds for reversal). The ALJ's error was legal—not merely a matter of imperfect drafting. The Tenth Circuit has repeatedly held that when an ALJ fails to apply a required legal standard, the Commissioner cannot show substantial justification. *See, e.g.*, *Chester v. Apfel*, 1 F. App'x 792, 794–95 (10th Cir. 2001) (Commissioner not substantially justified where ALJ committed "glaring legal error" by omitting a required analysis); *Hackett*, 475 F.3d at 1174 (explaining "that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position'") (quotation omitted).

The Commissioner argues that because the Court found the ALJ's consistency analysis of

Spies' opinion was supported by substantial evidence, it "would arguably have been proper" to affirm the decision despite the ALJ's legal error. (*See* Doc. 22 at 4.) Essentially, the Commissioner argues that the ALJ's legal error was harmless. The Court disagrees. While the Court found "the ALJ's consistency assessment is adequately supported by substantial record evidence," the Court did not find that the consistency analysis—by itself—was adequate to uphold the RFC determination. (*See* Doc. 19 at 10.) The Court finds support in *Dominguez v. Colvin*, in which the court held the Commissioner's position was not substantially justified where "the ALJ completely omitted the second half of the treating physician analysis from the decision." No. 2:14-cv-0626 CG, 2015 WL 13650127, at *3–4 (D.N.M. Nov. 30, 2015) (citing, *e.g.*, *Groberg v. Astrue*, No. 11-4173, 505 F. App'x 763, 768–69 (10th Cir. Dec. 14, 2012) (upholding district court's finding that Commissioner's position in favor of the ALJ's decision was not substantially justified when ALJ rejected medical opinions for unsupportable reasons)). Similarly, here, where the ALJ failed to discuss a required factor in evaluating a medical opinion, the Commissioner's position in support is not substantially justified.

The Commissioner next argues that his decision was substantially justified because, despite the ALJ's failure to provide a supportability evaluation, "Dr. Spies presented no supporting explanations" in support of her opinion. (*See* Doc. 22 at 6.) "A reasonable mind *could* conclude[,]" argues the Commissioner, that "Dr. Spies' opinion of 'marked' limitations . . . was unsupported." (*Id.* at 7.) As United States Magistrate Judge Steven Yarbrough explained in *Torrence v. Saul*, "[h]armless error only exists if *no* reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter any other way." No. 1:18-cv-0934 SCY, 2020 WL 4698502, at *3 (D.N.M. Aug. 13, 2020). Here, as in *Torrence*, the Commissioner argues that *a* reasonable factfinder adhering to the correct standards *could* conclude that the ALJ's RFC

determination was correct. *See id.* (*See also* Doc. 22 at 6.) This is not the correct standard, and the Commissioner fails to demonstrate that his position was substantially justified.

The Commissioner also contends that his position was reasonable based on a reading of the ALJ's decision as a whole, because the ALJ discussed some of "Dr. Spies' examination findings earlier in his decision." (*See* Doc. 22 at 9 (citing Doc. 12).) Yet the Court rejected this argument in its remand order, explaining that the ALJ's earlier discussion of Dr. Spies' examination findings did not constitute a supportability analysis and that the ALJ's reasoning could not be reasonably discerned from the decision. (*See* Doc. 19 at 8–10.) Notably, the ALJ did not comment on Spies' considerable discussion of Gomez's self-reported history and symptoms or on her diagnostic impressions. (*See* AR at 591–92.) Consequently, this case is distinguishable from *Hays v. Berryhill*, 694 F. App'x 634 (10th Cir. 2017), and *Thomas v. Astrue*, 475 F. App'x 296 (10th Cir. 2012), which the Commissioner relies on for support. (*See* Doc. 22 at 6, 8–9, 11.)

In short, the Commissioner's position in this litigation largely amounts to a post hoc rationalization—an attempt to supply reasoning the ALJ himself did not provide. The Tenth Circuit has long prohibited such arguments. *See Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007); *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005). Defending an ALJ's failure to perform a required analysis by asserting that the omitted reasoning can be inferred from other portions of the decision is insufficient to show substantial justification. *See Romero v. Colvin*, No. 1:14-cv-774 CG, 2016 WL 10592161, at *4–5 (D.N.M. Feb. 10, 2016) (rejecting the Commissioner's attempt to "discern the ALJ's reasoning" as post-hoc rationalization and finding no substantial justification for defending the ALJ's omission); *see also Dominguez*, 2015 WL 13650127, at *3–4. The Court declines to find that the Commissioner's position was substantially justified.

**B.      The requested EAJA fee award rate is reasonable.**

Once the Court determines "that the government's position was not substantially justified, then the [C]ourt should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008) (citation omitted). Notably, the Commissioner did not raise specific objections to the fee calculation or total fee request. (*See* Doc. 22.) Still, the Court must review the reasonableness of the fee request. *See D.M.C. v. Kijakazi*, No. 21-1276 DDC, 2022 WL 2663991, at *2 (D. Kan. July 11, 2022) (citing *Hensley*, 461 U.S. at 433–34).

The Court will award a reasonable hourly rate for all hours reasonably expended, and Gomez has the burden to establish an entitlement to the award. *See Villalobos v. Colvin*, No. 1:15-cv-0463 CG, 2016 WL 10179289, at *2 (D.N.M. July 12, 2016) (citing *Hensley*, 461 U.S. at 433). Here, Gomez seeks $8,826.02 in attorney's fees for 36.8 hours of work. (*See* Doc. 23-1 at 2.) The Court will grant the request in part.

The timesheet submitted reflects that Gomez is claiming fees for 33.3 hours of work performed by her attorneys, and 3.5 hours of work performed by a paralegal. (*See id.*) The description of the work performed by the paralegal includes: preparing the motion to proceed in forma pauperis (IFP) (1.5 hours), preparing the complaint and civil coversheet (1.5 hours), and adjusting timesheets (.5 hours). (*See id.*) A portion of this work is purely clerical, and "clerical work and overhead expenses are not compensable" under the EAJA. *See Villalobos*, 2016 WL 10179289, at *2 (citing 28 U.S.C. § 2412(d)(1)(A); *Montoya v. Colvin*, No. 1:14-cv-0836 LH/SMV, at *3 (D.N.M. Dec. 16, 2015), *R&R adopted*, 2016 WL 10592306 (D.N.M. Jan. 11, 2016)) (subsequent citations omitted). The Court will exercise its discretion to reduce the claimed paralegal work by 2.5 hours, as Gomez's attorneys "cannot be compensated for preparing an [IFP]

application, preparing a civil action cover sheet," or adjusting timesheets. *See Villalobos*, 2016 WL 10179289, at *2. Accordingly, Gomez may claim 1.0 hour of paralegal work.

Additionally, of the work performed by her attorneys, one line mentions that the attorney "prepare[d] and *file[d]* EAJA Motion." (*See* Doc. 23-1 at 2.) "'[T]he filing of pleadings is considered clerical work' and therefore is not compensable under the EAJA." *Villalobos*, 2016 WL 10179289, at *2 (quoting *Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 708 (2010)). The Court will thus reduce the 1.5 hours claimed there to 1.0 hour, for a total of 32.3 hours of work performed by her attorneys. Given that the typical social security appeal in this district averages 20 to 40 hours, the Court finds this is reasonable. *See Griego v. Colvin*, No. 2:15-cv-0555 SMV, 2016 WL 9777356, at *4 (D.N.M. Sept. 30, 2016) (gathering cases).

Finally, Gomez seeks to use an hourly rate based on the consumer price index (CPI) All Items Index for New York and New Jersey (NY/NJ) and relies on a nonbinding case in support. (*See* Doc. 21 at 16 (citing *Mannino v. West*, 12 Vet. App. 242 (Vet. App. 1999)).) *See also* Consumer Price Index for All Urban Consumers, New York-Newark-Jersey City, U.S. Bureau of Labor Statistics, available at https://data.bls.gov/pdq/SurveyOutputServlet[2] (data extracted on Feb. 26, 2026). The Court is unconvinced that it is appropriate to use the CPI Index for the NY/NJ region. *See, e.g.*, *Southern v. Kijakazi*, No. 21-cv-2053 JWB, 2021 WL 5493073, at *2 (D. Kan. Nov. 23, 2021) (noting that courts in the District of Kansas "routinely use the Midwest Region to

---

[2] This link does not direct the reader to the relevant data. To find the data for any region or local area, visit https://data.bls.gov/. In the "Data Tools" dropdown, look for the "Customized Tables" heading and click on "Regions, States & Areas at a Glance." One may then click on a region (West, Midwest, South, Northeast) or a state and may further narrow the search from those results.

For example, to find the CPI Index for the NY/NJ region, click on New Jersey from the United States map, select the "Newark, NJ" area from the New Jersey list located at this link: https://www.bls.gov/regions/mid-atlantic/new_jersey.htm#eag, then click on the link under the "Back Data" column for the line marked "CPI-U, All items." Similarly, to find the CPI Index for the West region , click on West from the United States map, then click on the link under the "Back Data" column for the line marked "CPI-U, All items."

8

calculate the cost of living adjustment") (citing *Barnett v. Saul*, No. 19-cv-2675 JWL, 2020 WL 7388611, at *3 (D. Kan. Dec. 16, 2020)); *Taylor v. Colvin*, No. 13-cv-03152-CMA, 2015 WL 2375907, at *3 (D. Colo. May 15, 2015) (noting that courts in the District of Colorado use the CPI-U West Urban index; *Wood v. Kijakazi*, No. 3:22-cv-067 RP, 2023 WL 187502, at *2 (N.D. Miss. Jan. 13, 2023) (finding *Mannino* inapposite and holding that "[a]bsent some indication that the plaintiff needed to look outside the district to find representation, . . . the locality payrate for this district should be used in determining an award of attorney's fees under the EAJA").

The Court finds, however, that the difference in fees using the CPI Index for the NY/NJ region as compared to the rate normally used in this district is nominal. *See, e.g.*, *D.M.C.*, 2022 WL 2663991, at *2. Consequently, and because the Commissioner did not object to Gomez's use of the index, the Court will use the CPI Index for the NY/NJ region for purposes of calculating the EAJA award here.

Gomez calculates the hourly rate as follows:

$334.78 (June 2024 NY/NJ CPI rate) / $166.50 (March 1996 NY/NJ CPI rate) = 2.01
2.01 x $125.00 (1996 EAJA rate[3]) = $251.25/hour

(Doc. 21 at 3.) It is unclear why Gomez uses June 2024, since her attorneys began work on this case in September 2024. (*See* Doc. 23-1 at 2.) Additionally, Gomez includes no discussion to explain why she uses a different hourly rate for the two line items performed in 2025, but the Court has deduced that she used the July 2025 NY/NJ CPI rate for the calculation on those two items:

$346.39 (July 2025 NY/NJ CPI rate) / $166.50 (March 1996 NY/NJ CPI rate) = 2.08
2.08 x $125.00 (1996 EAJA rate) = $260.00/hour

(*See* Doc. 23-1 at 2.)

---

[3] The statutory amount for the hourly fee was set in March 1996. *See Maldonado v. Apfel*, No. 1:95-cv-0221 JP/WWD, 2000 WL 36739498, at *2 n.4 (D.N.M. Dec. 27, 2000) (citing Pub. L. 104-121, 232(b)(1) (amending 28 U.S.C. § 2412(d)(2)(A)).

Rather than use one number or the other, the Court will use an average of the rates calculated from September 2024 (the month Gomez's attorneys accepted the case) and August 2025 (the month Gomez filed her reply brief for this motion). *See Barnett*, 2020 WL 7388611, at *3. The Court's calculations for the NY/NJ CPI rate are as follows:

$337.89 (Sept. 2024 NY/NJ CPI rate) / $166.50 (March 1996 NY/NJ CPI rate) = 2.03
2.03 x $125.00 (1996 EAJA rate) = $253.75/hour

$347.27 (Aug. 2025 NY/NJ CPI rate) / $166.50 (March 1996 NY/NJ CPI rate) = 2.09
2.09 x $125.00 (1996 EAJA rate) = $261.25/hour

Average: $253.75 + $261.25 = $515.00
$515.00 / 2 = $257.50/hour

The total EAJA award is:

$257.50 x 32.3 hours = $8,317.25

$120.00 x 1 hour = $120.00

Total award: $8,437.25

The Court will, therefore, grant Gomez's motion for EAJA fees in part and will award $8,437.25 in EAJA fees.

Finally, although Gomez's attorney asks that the fee be paid to his firm "directly, 'the clear language of the [EAJA] provides that attorney's fees are paid to the prevailing party, not the attorney.'" *Taylor*, 2015 WL 2375907, at *3 (quoting *Manning v. Astrue*, 510 F.3d 1246, 1254 (10th Cir. 2007)) (subsequent citation omitted).

**IT IS THEREFORE ORDERED** that Gomez's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 21) is **GRANTED in part**. Under 28 U.S.C. § 2412, Gomez is granted attorney's fees in the amount of $8,437.25. The fees must be paid to Gomez, not to her attorneys directly, but must be mailed to her attorneys at the address of their firm.

10

**IT IS FURTHER ORDERED** that if Gomez's counsel receives attorney's fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Gomez pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS FURTHER ORDERED** that the Motion for Order on Pending Attorney's Fees (Doc. 24) is **DENIED as moot**.

_____

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

11